## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOHN CARTER ROSEN,** | ) CASE NO. 8:07CV173 |
| **Plaintiff,** | ) |
| vs. | ) **MEMORANDUM** |
|  | ) **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

This matter is before the Court on the Application for Attorney Fees (Filing No. 28) by the Plaintiff, John Carter Rosen. The application for attorney fees is purportedly filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and is accompanied by a brief and an itemization of services submitted by Mary P. Clarkson, Plaintiff's attorney (Filing Nos. 27 & 28-2). The Court also notes the Response submitted by the Defendant, Michael J. Astrue, Commissioner of Social Security (Filing No. 30).

On March 17, 2008, the Court entered Judgment granting the Plaintiff's appeal, and reversing the matter and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Filing No. 26).[1] Subsequently, on July 25, 2008, the Plaintiff's attorney filed an application for attorney fees in the amount of $2,336.35.[2] The Defendant filed a response to the Plaintiff's application on August 6, 2008. The Defendant requests

---

[1] The filing of the Judgment was immediately preceded by the filing of the Court's Memorandum and Order, granting the Plaintiff's appeal, reversing and remanding the case, and directing the Administrative Law Judge to analyze and re-analyze certain aspects of the process. (Filing No. 25).

[2] Plaintiff requests an hourly rate in excess of the usual rate of $125 per hour established in the 1995 amendment to 28 U.S.C. § 2412(d)(2)(D)(2)(A) and submits information regarding the increase in cost of living since 1995 to support his request.

that the Court deny Plaintiff's application for fees as untimely. The Plaintiff did not file a reply as allowed under NECivR 7.1(c).

The Equal Access to Justice Act provides in relevant part that "[a] party seeking an award of fees and other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees . . . which shows that the party is a prevailing party . . . ." 28 U.S.C. § 2412(d)(1)(B). "In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal must be filed within 60 days after judgment when the United States or its officer or agency is a party.

The Court's judgment (Filing No. 26), reversing and remanding the case, was filed on March 17, 2008. The last day to file an appeal was on May 16, 2008. Therefore, the Plaintiff was required to file his application for fees on or before June 16, 2008. Instead, the Plaintiff filed his application for attorney's fees on July 25, 2008, 39 days after the expiration of the EAJA filing period.

The Eighth Circuit has expressed disagreement with the Supreme Court's "superficially compelling dictum" in *Melkonyan. Hafner v. Sullivan,* 972 F.2d 249, 251 (8th Cir. 1992); *see also Welter v. Sullivan,* 941 F.2d 674 (8th Cir. 1991). In *Welter,* the Eighth Circuit found that it "lack[ed] jurisdiction to consider the merits of fee applications filed beyond [the] time limit." *Welter*, 941 F.2d at 675. Nevertheless, the court addressed the

2

merits of the plaintiffs' fee application by distinguishing the district court's remand[3] from the holding of the Supreme Court in *Melkonyan*. The Eighth Circuit held that "the district court's orders return[ing] the cases to the Secretary for further administrative proceedings . . . [were] not final 'judgment[s] . . . modifying or reversing the decision[s] of the Secretary.'" *Id.* at 675 (quoting 42 U. S. C. § 405(g) (1988) (sentence four)). The court went on to state that "the claimants did not become prevailing parties eligible for attorney's fees until the Secretary reevaluated their cases and awarded them benefits." *Id.* (citing *Sullivan v. Hudson*, 490 U.S. 877 (1989)).

The circumstances surrounding the Plaintiff's application for attorney fees are distinguishable from those in *Welter* and *Hafner.* This Court entered a Memorandum and Order (Filing No. 25) and a separate Judgment (Filing No. 26) "reversing and remanding" the case. The Plaintiff clearly prevailed in this Court. The Plaintiff makes no claim that the Court's decision was not a final judgment or that he "did not become [a] prevailing part[y] eligible for attorney's fees until the [ALJ] reevaluated [his] case and awarded [him] benefits." *Welter,* 941 F.2d at 675. In fact, in his brief in support of his application for fees, Plaintiff states that he "qualifies as a 'prevailing party' because this Court's Order reversed the administrative decision and remanded the matter for further proceedings." (Filing No. 27, p. 3).

---

[3]The plaintiffs, in separate proceedings, had been denied social security disability benefits by Administrative Law Judges. The district court remanded the cases to the Secretary of Health and Human Services for further proceedings. *Welter,* 941 F.2d at 675.

Moreover, the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292 (1993), reinforces and clarifies its earlier opinion and reaches a conclusion which is clearly contrary to the Eighth Circuit's decision in *Welter*.

> In *Melkonyan v. Sullivan*, we held that the term "final judgment" in the highlighted phrase above "refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency." See 501 U.S., at 96 . . . . Thus, the only order in this case that could have resulted in the starting of EAJA's 30-day clock was the District Court's . . . order, which reversed the Secretary's decision denying disability benefits and remanded the case to the Secretary for further proceedings.
> . . . .
> No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g).

*Schaefer*, 509 U.S. at 296, 300.

More recently, the Supreme Court held that the 30-day deadline for fee applications in § 2412(d)(a)(B) is not "jurisdictional" suggesting that courts could consider equitable tolling and the relation-back doctrine in determining the effect of an untimely application or amended application for attorney fees. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). In his brief, the Defendant notes that the Eighth Circuit has not addressed the issue of equitable tolling in EAJA fee application cases in light of the *Scarborough* decision.[4] Any discussion of equitable tolling is unnecessary in this case. The Plaintiff did not offer any explanation, either in his application or in the accompanying brief, for filing his EAJA application for attorney fees 39 days after the passing of the deadline. Moreover, the Plaintiff did not respond to the Defendant's contention that the Court should deny the application for fees as untimely.

---

[4] The relation-back doctrine is not applicable in the case before this Court because no amended application for fee was filed outside of the filing period.

4

After reviewing the record, the Plaintiff's application for attorney fees and brief, Defendant's brief, and the applicable law, the Court finds that the Plaintiff's application for attorney fees was untimely filed pursuant to 28 U.S.C. § 2412(d)(1)(B).  Accordingly,

IT IS ORDERED that the Plaintiff's Application for Attorney Fees (Filing No. 28) is denied.

DATED this 19th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge